UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROEL SALINAS, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-248 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
|     Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I.    Factual and Procedural Background

Now before the Court is Defendant Bank of America, N.A.'s ("BOA") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 9). Plaintiffs Roel Salinas and Victoria Ramirez originally filed suit against BOA on May 6, 2013 in the 430th Judicial District Court, Hidalgo County, Texas. (Dkt. No. 1, Ex. 3). Plaintiffs' Original Petition and all other documents properly considered[1] indicate that in 2006, Plaintiffs obtained a loan from Countrywide KB Home Loans, a Countrywide Mortgage Ventures, LLC series ("Countrywide") in order to purchase a home in McAllen ("the property"). *Id.* Ex. 2(A); Ex. 3. The Promissory Note in the amount of $115,620 was secured by a Deed of Trust on the property which named Mortgage Electronic Recording Systems, Inc. ("MERS") as a nominee for Countrywide's successors and assigns and as a beneficiary under the Deed. *Id.* Ex. 2(A); Ex. (2)(B) at

---

[1] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir.2008)); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (court's review on 12(b)(6) motion "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."). All of the documents relied on by the Court are either attached to Plaintiffs' Original Petition or referenced therein.

Definition (E); Ex. 3.  The Deed states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id.* Ex. 2(B) at p. 3.  On August 24, 2011, MERS assigned the Deed to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-backed Certificates, Series 2006-20 ("BONY").  *Id.* Ex. 2(C); Ex. 3.  BOA acts as the mortgage servicer for BONY.  *Id.* Ex. 3.  Plaintiffs defaulted on their Note, and as a result, BOA posted the property for a May 7, 2013 foreclosure.  *Id.*  Plaintiffs filed suit in state court on May 6, 2013 and obtained a temporary restraining order preventing the foreclosure.  *Id.*  BOA removed the case to this Court on May 20, 2013 on the undisputed grounds that the Court has diversity jurisdiction over the action.  (Dkt. No. 1); *see* 28 U.S.C. §§ 1332(a)(1), 1441, 1446.

BOA now moves to dismiss the action under Rule 12(b)(6) on the grounds that Plaintiffs' wrongful foreclosure claim, as well as their request that the Court enjoin the foreclosure, fail to state a claim upon which relief can be granted.  (Dkt. No. 9).  Although the Motion became ripe for ruling on June 28, 2013, the Court granted *pro se* Plaintiffs additional time to respond and heard the arguments of Plaintiff Ramirez at the September 5, 2013 hearing.  (Dkt. Nos. 9, 10; 9/05/2013 Minute Entry).  Upon consideration of the Motion and the parties' responsive briefing and arguments before the Court, in light of the relevant law, the Court finds that the Motion must be granted for the following reasons.  *See* (Dkt. Nos. 9, 11, 13).

**II.     BOA's Motion to Dismiss**

**A.     Rule 12(b)(6) Standard of Review**

A party may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Rule is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-68 (2009). To survive a Rule 12(b)(6) motion, the complaint and any other matters properly considered must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

**B.     Analysis**

The sole, recognized cause of action set forth in Plaintiffs' Original Petition is for wrongful foreclosure, which under Texas law consists of the following elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. (Dkt. No. 1, Ex. 3); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.-Corpus Christi 2008, no pet.). As BOA's Motion correctly points out, Plaintiffs do not allege any facts supporting these elements, and in fact no foreclosure sale has yet occurred. (Dkt. No. 9). Therefore, Plaintiffs cannot state a claim for wrongful foreclosure and this cause of action must be dismissed.

The bulk of Plaintiffs' Original Petition is devoted to challenging BOA's alleged lack of authority to foreclose, and on this basis asking the Court to enjoin foreclosure. (Dkt. No. 1, Ex.

3). Plaintiffs' arguments supporting this challenge are based on two theories recently addressed, and rejected, by the Fifth Circuit. The first, "show-me-the-note" theory "posits that to foreclose, a party must produce the original note bearing a 'wet ink signature.'" *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013). The Fifth Circuit noted that courts around the country "have roundly rejected this theory and dismissed the claims, because foreclosure statutes simply do not require possession or production of the original note," and concluded that the theory "fares no better under Texas law." *Id.* The second, "split-the-note" theory consists of the argument "that a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null." *Id.* at 254. "In order to foreclose, the theory goes, a party must hold both the note and the deed of trust." *Id.* The court in *Martins* determined that "[t]he weight of Texas authority…suggests just the opposite," and that the theory is "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Id.* at 255-56. The court explained that the Texas Property Code allows a "mortgage servicer" to administer a foreclosure on behalf of a mortgagee if "the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage," proper notice is given, and notice discloses that the mortgage servicer represents the mortgagee. TEX. PROP. CODE § 51.0025; *id.* at 255. The Code defines "mortgagee" as "the grantee, beneficiary, owner, or holder of a security instrument"; "a book entry system" (such as MERS);[2] or, "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4); *see Martins*, 722 F.3d at 255. In light of these provisions, and also recognizing that "Texas courts have repeatedly discussed the dual nature of a note and deed

---

[2] The Code defines "book entry system" as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." TEX. PROP. CODE § 51.0001(1).

of trust," the Fifth Circuit concluded that "the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." *Martins*, 722 F.3d at 255; *see also Wiley v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 4779686, at *2 (5th Cir. Sept. 6, 2013) ("The duality of the lien and the note means that the beneficiary of the lien can be different from the holder of the note," and "[s]o long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority [to foreclose] even if it does not hold the note itself."). In this case, consistent with the Deed, Assignment, and Texas law, the Notice of Substitute Trustee's Sale attached to Plaintiffs' Original Petition identifies MERS as the original mortgagee, BONY as the current mortgagee, and BOA as the mortgage servicer. (Dkt. No. 1, Ex. 3). MERS was authorized as Countrywide's nominee and beneficiary under the Deed (and as the original mortgagee) to assign the right to foreclose to the current mortgagee, BONY, who was then authorized to permit the mortgage servicer, BOA, to administer the foreclosure on BONY's behalf. Accordingly, Plaintiffs' request for injunctive relief on the basis of BOA's alleged lack of authority to foreclose fails to state a claim upon which relief can be granted, and must be dismissed.

Plaintiffs have not responded to the arguments raised in BOA's Motion other than to ask the Court for additional time to amend their pleading in order to clarify the allegations and relief sought, and to retain legal counsel. (Dkt. Nos. 11, 21). Plaintiffs' filings with the Court do not provide any indication of how the clarified pleading (or counsel's assistance) would overcome BOA's Motion, nor did Plaintiff Ramirez provide any such indication at the September 5, 2013 hearing. As the Court need not grant leave to Plaintiffs to amend their pleading if the amendment would be futile, and as it finds that further extending Plaintiffs' response date for the purpose of retaining counsel would be of no service to either side in this litigation, the Court will

deny the request for additional time. *See*, *e.g.*, *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) ([L]eave to amend need not be granted when it would be futile to do so.").

### III. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that Defendant BOA's Motion to Dismiss (Dkt. No. 9) is **GRANTED** and all claims asserted in Plaintiffs' Original Petition are dismissed with prejudice.

SO ORDERED this 17th day of September, 2013, at McAllen, Texas.

*[signature: Randy Crane]*

Randy Crane
United States District Judge